# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRADLEY CORPORATION,
          Plaintiff,

v.                                                    Case No. 09C0518

iTELLIGENCE, INC.,
          Defendant.

## DECISION AND ORDER

On May 6, 2009, Plaintiff, Bradley Corporation ("Bradley"), filed this action in a Wisconsin state court, alleging that defendant itelligence, Inc. ("itelligence") breached a contract to develop software. In response, itelligence removed the case based on diversity of citizenship.[1] Before me now is itelligence's motion to dismiss or alternatively to stay the case on the ground that it is duplicative of an action which itelligence filed against Bradley on May 5, 2009 in the Northern District of Illinois. Also before me is itelligence's motion to stay discovery pending the outcome of procedural issues here and in Illinois.

## I. STANDARD OF REVIEW

District courts have inherent power to administer their dockets so as to conserve judicial resources and promote the efficient resolution of disputes. Barrington Group, Ltd. v. Genesys Software Sys., Inc., 239 F. Supp 2d 870, 873 (E.D. Wis. 2003). Thus, to avoid duplicative litigation, I may dismiss, stay or transfer the present action. Id. at 874. Where

---

[1] Bradley is incorporated in Wisconsin, and its principal place of business is Wisconsin. itelligence is incorporated in Ohio, and its principal place of business is Ohio.

duplicative actions are pending in different districts, the general rule is that the first filed action will be given priority. Id. The Seventh Circuit follows the first filed rule but not rigidly.

> Rather, there is a presumption that the first-filed case should be allowed to go forward and the second case abated, although the presumption can be rebutted by a showing that special circumstances dictate departure from the rule. Mechanical application of the rule could potentially conflict with the rationale underlying it. The inherent fairness in generally giving the first to file the selection of forum diminishes if the purpose of that first filing is simply to preempt the choice of venue.
>
> Thus, priority in time will not be enforced where the first-filed action is seen as an "improper anticipatory filing" – that is, a filing made under threat of an imminent suit and asserting the mirror image of that suit in another district. . . . Nevertheless, where mirror image cases are pending, **the plaintiff in the second-filed suit bears the burden of showing** that there are sufficiently compelling circumstances or a sufficient imbalance of convenience to overcome the presumption that the second-filed case should be dismissed in favor of the case filed first.

Id. at 875-76 (emphasis added)(citations omitted).

## II. BACKGROUND

On December 7, 2007, the parties entered into a contract pursuant to which itelligence would develop software for Bradley. The contract contained a provision requiring the parties to employ an alternative dispute resolution ("ADR") process to address disputes under the contract before filing suit. Bradley became dissatisfied with itelligence's performance, and the parties met on April 29, 2009. At the meeting, Bradley provided itelligence with a letter terminating the contract. Bradley also provided itelligence with a letter proposing that the parties waive the ADR process. The proposed waiver had two

signature lines; one for Bradley and one for itelligence.[2] Neither party signed the waiver agreement at the meeting.

On May 5, 2009 at 5:49 p.m. itelligence emailed Bradley an "acceptance" of the proposed waiver, stating that it "accepts Bradley Corporation's offer to waive [the ADR provision]." It then filed suit electronically against Bradley in the Northern District of Illinois ("Illinois action").[3]

On May 6, 2009, Bradley reviewed the purported acceptance and added the following language to it:

> This acknowledges receipt of itelligence's acceptance of what you refer to as Bradley's "offer" to waive the dispute resolution procedures in the Master Agreement. Please note that the proposed waiver agreement provided by Bradley to itelligence (attached) required execution by both parties as a condition of completion and binding effect.... By countersignature below, Bradley provides its counterpart execution making the waiver agreement effective as of today, May 6, 2009.

Bradley promptly emailed the "new" waiver agreement to itelligence, and later that day, filed suit against itelligence in Waukesha County (the "Wisconsin action").

Both parties present affidavits describing the conversation surrounding the waiver. Bradley claims that it expressly conditioned effectiveness of the waiver agreement upon execution by both parties because signing it before presenting it to itelligence would have effectively granted itelligence an option to accept at a later time. itelligence denies that Bradley conditioned the waiver agreement on simultaneous execution and states that

---

[2] The letter stated: "The parties hereby acknowledge acceptance of this waiver agreement effective as of April 29, 2009, by countersigning this letter in the space indicated below and returning a copy to us either via fax, email, or mail."

[3] itelligence has an office in Downers Grove, Illinois.

Bradley merely indicated that it had been advised not to be the first party to sign the agreement.  itelligence also states that it assured Bradley that it was willing to waive the ADR provision.

The Illinois and Wisconsin actions are similar breach of contract suits.  itelligence's suit alleges that Bradley failed to pay fees owed under the contract, and Bradley's suit alleges non-performance by itelligence.

### III.  DISCUSSION

itelligence argues that the Illinois and Wisconsin actions are duplicative and in such situations, the "first to file" rule applies.  Thus, it contends that I should dismiss Bradley's suit or stay it pending the outcome of the Illinois action.

Bradley presents three arguments in opposition to itelligence's motion.  First, it contends that itelligence is not entitled to first to file status because it filed the Illinois action before the agreement to waive the ADR provision became effective.  Second, it argues that I should not apply the first to file rule because itelligence filed the Illinois action defensively in anticipation of Bradley's claims.  Third, Bradley argues that even if itelligence is entitled to first to file status, I should not dismiss its suit because Wisconsin is a more appropriate forum for litigating the dispute than Illinois.

In a separate motion, itelligence asks me to stay discovery until the procedural issues in the Wisconsin and Illinois actions have been resolved and venue determined.  Bradley opposes a stay, arguing that regardless of where the case is litigated, it will proceed.

4

I have considered Bradley's arguments and conclude that it has not presented facts sufficient to overcome the presumption in favor of the first filed case. Therefore, I grant the motion to dismiss and deny the motion to stay discovery as moot.

**A.     ADR Waiver**

Bradley first argues that itelligence is not entitled to the presumption favoring the first to file because it filed suit while the contract's ADR requirement was still in effect. However, Bradley does not establish that itelligence did in fact file suit while the ADR provision remained in effect. itelligence submits evidence in the form of time stamps and affidavits that it accepted Bradley's offer to waive the ADR process moments before it filed suit against Bradley. Bradley responds that itelligence's purported acceptance of the waiver offer did not render the waiver effective because Bradley had not yet counter-signed it. Bradley contends that it conditioned the validity of the waiver agreement upon execution by both parties, which did not occur until after itelligence filed suit. Thus Bradley argues that when itelligence filed suit, the ADR provision remained in effect and that therefore itelligence's action was premature.

Nothing in Bradley's proposed waiver conditioned its validity on Bradley's countersigning it. However, even assuming that such a condition could be read into the proposal, it is hard to see how this would advance Bradley's cause. If the ADR provision remained in effect when itelligence filed suit, Bradley presumably could have obtained an order requiring itelligence to participate in alternative dispute resolution. However, the fact that Bradley did not wish to participate in ADR and instead chose to file suit itself does not change the fact that itelligence filed suit before Bradley. Even if the waiver issue were

5

resolved in its favor, Bradley does not explain how this would nullify itelligence's status as the first filer.

**B.     First to File Presumption**

In a related argument, Bradley contends that itelligence is not entitled to the presumption favoring the first filer because its suit was an improper anticipatory filing. However, Bradley's allegations do not support this assertion. itelligence did not file a declaratory judgment action seeking a declaration of non-liability, a relatively common type of anticipatory filing. Rather, it filed a straightforward breach of contract action that appears to raise a legitimate issue, whether Bradley fulfilled its financial obligations under the contract. The fact that the parties clearly engaged in a race to the courthouse does not make itelligence's suit an improper anticipatory filing.

**C.     Convenience and Efficiency**

Third, Bradley argues that I should allow the Wisconsin suit to proceed because the convenience of the parties, counsel and witnesses, as well as efficiency factors, make Milwaukee a more appropriate forum than Chicago. Bradley asserts that its headquarters and the majority of its witnesses are in the Milwaukee area, whereas itelligence maintains only a satellite office in Chicago, and thus, the convenience factor tips toward Milwaukee. Bradley also contends that district courts in the Eastern District of Wisconsin are not as busy as those in the Northern District of Illinois, and thus the case would be resolved more quickly in Wisconsin. However, the distance between Chicago and Milwaukee is not great, and the convenience factor does not weigh heavily in Milwaukee's favor. Similarly, even if the case is likely to be resolved more quickly in Wisconsin, the difference in time of resolution is likely to be small. Thus, neither convenience nor efficiency factors are

sufficiently significant to overcome the presumption that as the first filed case, itelligence's action has priority and should be allowed to go forward.

## IV. CONCLUSION

A court may implement the first to file rule in several ways. It may dismiss, stay or transfer the second filed case depending on the circumstances. In the present case, I see no reason why I should not dismiss Bradley's suit in favor of itelligence's Illinois action, but because courts' actions in connection with duplicative filings can sometimes result in unforseen unfair consequences, I will, for the time being, dismiss Bradley's suit without prejudice in order to ensure that Bradley can interpose any appropriate counterclaims in the Illinois action.

Therefore, for the reasons stated,

**IT IS ORDERED** that itelligence's motion to dismiss is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that itelligence's motion to stay discovery is **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 12 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge